**No. 52207.**—North American Mercantile Co. *v.* United States, protest 119790–K (San Francisco).

EKWALL, Judge: In this case the plaintiff imported a quantity of canned clams from Japan. This court sitting in reappraisement held that the appraisements were null and void because of insufficient designation and examination of the merchandise under section 499, Tariff Act of 1930. Reap. Dec. 5680, affirmed in Reap. Dec. 6072. The collector liquidated the entries upon the basis of the entered value which was also the so-called duress value. Plaintiff contends that said liquidation is illegal in that the collector erroneously rejected amendments to the entered values. He claims, further, that the liquidation should be canceled, said amendments acted upon, and the invoices submitted to the appraiser so that legal appraisements might be made under the provisions of section 499, Tariff Act of 1930, as amended by section 16 (a), Customs Administrative Act of 1938. The instant merchandise was appraised prior to the enactment of said Customs Administrative Act.

It is plaintiff's contention that subsequent to the court decisions above referred to an attempt was made to amend the entries involved, reducing the amended entered values. The collector rejected the amendments and liquidated the entries on the basis of the values on the so-called duress certificates.

The statute (section 487, Tariff Act of 1930) authorizing amendments to entries is as follows:

### SEC. 487. VALUE IN ENTRY—AMENDMENT.

The consignee or his agent may, under such regulations as the Secretary of the Treasury may prescribe, at the time entry is made, or at any time before the invoice or the merchandise has come under the observation of the appraiser for the purpose of appraisement, make in the entry such additions to or deductions from the cost or value given in the invoice as, in his opinion, may raise or lower the same to the value of such merchandise.

The statute further provides, in section 503 thereof, the basis upon which duties should be assessed. We quote as follows:

## SEC. 503. DUTIABLE VALUE.

(a) GENERAL RULE.—Except as provided in section 562 of this Act (relating to withdrawal from manipulating warehouses) and in subdivision (b) of this section, the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the entered value or the final appraised value, whichever is higher.

Although the importer originally entered under so-called duress certifying other entries as the test cases, the four entries here involved became the test cases and were decided by this court.

The collector testified that his reason for rejecting the amendments was that they were not timely filed, that is, they were not filed before the merchandise or the invoices had come under the observation of the appraiser. Counsel for the plaintiff contends in the brief filed that the collector did not send the amendments to the appraiser and therefore at the time the amendments were rejected the collector could not know what the appraiser would report.

Inasmuch as the merchandise or the invoices must have been before the appraiser for purposes of appraisement in this case, the subsequent holding that the appraisements were invalid because the statutory number of cases was not designated and examined does not carry with it the presumption that the invoices had not come before the appraiser for the purpose of appraisement. The summary sheet attached to each invoice contains notations by said official which would rebut any such presumption even had it obtained.

In the absence of a legal appraised value the collector liquidated upon the entered value. This is in accord with the decisions under the statute in effect at the time of these liquidations. See *Jenkins Bros.* v. *United States*, 73 Treas. Dec. 524, T. D. 49480; *Canadian Pacific Railway* v. *United States*, 71 Treas. Dec. 936, T. D. 49023; *Central Vermont Railway, Inc.* v. *United States, ibid* 933, T. D. 49022.

For the reasons above noted plaintiff's claim is overruled. Judgment will be rendered for the defendant.